IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIKA DEVLIN
        Plaintiff,
v.                                     No.

ABG OPERATING, LLC, operating as,
AMERICAN BATH GROUP         JURY TRIAL DEMANDED

        Defendant.

## COMPLAINT

Plaintiff Erika Devlin files this Complaint against Defendant ABG Operating, LLC, operating as American Bath Group, and in support thereof avers as follows:

### Jurisdiction and Venue

1. The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court has original jurisdiction of Counts I and II of this Complaint, which are based upon laws of the United States of America, the Family and Medical Leave Act, 29 U. S. C. §2601 ("FMLA"); and the Age Discrimination in Employment Act, 29 U.S.C. §621 ("ADEA").

2. Plaintiff requests a trial by jury of the claims raised herein.

3. Venue is appropriate in this Court pursuant to 28 U. S. C. §1392(b) in that Defendant has ongoing business operations in this District, Plaintiff resides and worked within this District, and the events giving rise to Plaintiff's claim occurred in this District.

4. The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

5. Plaintiff has complied with the applicable administrative remedies by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC") on November 19, 2025, EEOC Charge no. 530-2026-01256; and simultaneously dual filing a Complaint with the Pennsylvania Human Relations Commission ("PHRC") (Case number unknown).

6. On December 22, 2025, the EEOC notified Plaintiff that it administratively closed Plaintiff's Charge and issued a Notice of Right to Sue, permitting Plaintiff to file her cause of action under the ADEA in this court.

7. Upon receipt of applicable authority from the PHRC, Plaintiff intends to amend this Complaint and assert a cause of action for age discrimination under the Pennsylvania Human Relations Act, 43 P. S. §955(a), ("PHRA").

## PARTIES

8. Plaintiff Erika Devlin ("Erika Devlin") is an adult female, who resides at 3341 Kent Road, Bensalem, PA 19020.

9. Defendant ABG Operating, LLC, operating as American Bath Group, is a Delaware corporation that operates a principal place of business in the Commonwealth of Pennsylvania at 75 Hawk Road, Warminster, PA 18974.

10. At all times relevant hereto, Defendant was acting through it agents, servants, and employees, who were acting within the scope of their authority, in the course of their employment, and under the direct control of ABG.

## FACTUAL BACKGROUND

11. Devlin is a 54 year old female.

12. On September 28, 2015, Devlin commenced employment with the Bath Authority, LLC, doing business as, Dreamline ("Dreamline").

13. In 2020, Dreamline was acquired by ABG Operating, LLC, operating as American Bath Group ("ABG").

14. ABG is a manufacturer and distributor of shower doors, tubs, vanities, and other bath products for residential and commercial use with over 1,000 employees.

15. Devlin was employed with ABG and its predecessors for a combined total of nearly ten years, until the termination of her employment on August 15, 2025.

16. Throughout almost all of Devlin's employment, she received satisfactory performance appraisals and praise for her work ethic.

17. Devlin earned numerous promotions during her career.

18. Devlin was last employed as Order Processing Manager, overseeing the Order Processing Department, responsible for overseeing order processing to prepare for warehouse dealers.

19. In 2024, Devlin's total earnings were $76,139.47, plus employment benefits.

20. On March 1, 2021, Devlin was rewarded with stock options under the CP Atlas Intermediate Holdings, Inc., 2020 Executive Option Plan.

21. As of May 2025, Devlin reported to Marcelus Lewis, Vice President of RFC Operations.

22. In May 2025 Lewis advised Devlin that he had a "surprise."

23. Lewis advised Devlin that he wanted to push for Devlin to oversee two additional order processing locations in Mountaintop, PA and Houston, TX.

24. Shortly thereafter, Lewis advised Devlin that she would be receiving a four percent raise, effective May 4, 2025.

25. On May 12, 2025, Justin Pereira, who is substantially younger than Devlin, was hired by ABG as Senior Systems Fulfillment Manager.

26. Devlin was required to begin reporting to Periera.

27. Periera took over certain duties that Devlin previously performed.

28. Pereira began to make inaccurate perceptions about Devlin's work.

29. Devlin's mother is elderly and suffers from serious medical conditions that require Devlin to assist her with basic care needs.

30. As a consequence of Devlin's mother's condition, Devlin needed to avail herself of her intermittent leave rights under the FMLA.

31. On June 6, 2025, Devlin contacted Stan Dombrowski, HR Director, regarding FMLA leave paperwork and copied Lewis and Pereira.

32. Ten days later, on June 16, 2025, Devlin was advised that she was being placed on a Performance Improvement Plan (PIP) for a two month period.

33. Devlin was in shock as the PIP does not accurately reflect her performance, and at no point before in her career at ABG had she ever received a verbal warning, written warning, or a PIP.

34. Devlin and her mother's treating physician completed FMLA paperwork, and on June 18, 2025, Devlin was advised that her intermittent FMLA request had been approved.

35. Devlin submitted a rebuttal to the PIP and despite the PIP's inaccuracies, Devlin did her best to meet its terms, and met most requirements.

36. The PIP references certain negative "behaviors."

37. When Devlin asked Lewis and Periera for examples of the negative "behavior", neither Lewis, nor Periera provided any.

38. The PIP contains a "Work Schedule Requirement," that requires Devlin to work full eight-hour shifts with thirty-minute lunch breaks … Any deviations must be pre-approved by a Supervisor."

39. The PIP was an attempt to create alleged documentation of poor work performance for a predetermined decision to terminate Devlin's employment.

4

40. During the course of the PIP ABG informed Devlin that certain criticisms of Devlin in the PIP were adequately remedied.

41. During the course of the PIP, there were several days on which Devlin availed herself of her intermittent FMLA Leave rights (approximately 48 hours total).

42. ABG counted Devlin's intermittent leave agsint her in assessing her work performance.

43. On August 15, 2025, ABG terminated Devlin for alleged poor work performance which was not accurate.

44. The proffered reason for termination is pretextual as Devlin did not exhibit poor work performance.

45. ABG's actions towards Devlin were willful and outrageous in that its motives and conduct as set forth above was malicious, wanton, reckless and oppressive.

## COUNT I

## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

## 29 U. S. C. §2601, et. seq.

46. Paragraphs 1 to 45 are incorporated herein as if set forth in full.

47. Devlin was an eligible employee under the FMLA in that he was continuously employed by ABG for at least 12 months for at least 1,250 hours of service prior to June 6, 2025.

48. ABG is an employer subject to the FMLA.

49. The FMLA permits an employee to take intermittent leave to assist in the care of a family member under 29 U.S.C. § 2612(a)(1)(C) , 29 U.S.C. § 2612(b)

50. As an FMLA eligible employee, Devlin was entitled to take intermittent FMLA leave for the care of her mother.

51. Devlin was entitled to the equivalent of twelve workweeks of leave under the FMLA during any rolling twelve-month period.

52. ABG retaliated against Devlin by terminating her employment in retaliation for Devlin availing himself of FMLA protected rights.

53. ABG's conduct with respect to Devlin violates the FMLA.

54. Devlin has sustained substantial damage as a result of ABG's actions.

WHEREFORE, Plaintiff Erika Devlin requests that this Court enter judgment in her favor and against Defendant ABG Operating, LLC, operating as American Bath Group, and award Plaintiff monetary damages equal to the amount of wages, employment benefits, other, any actual monetary losses sustained, interest, liquidated damages as defined by the Family and Medical Leave Act, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the court deems appropriate.

## COUNT II

## VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

## 29 U. S. C. § 621 et. seq.

55. Paragraphs 1 to 54 are incorporated herein by reference, as if set forth in full.

56. ABG have treated Devlin differently than Pereira. a substantially younger employee, and continued to employ a substantially younger employee to perform Devlin's duties, thereby discriminating against Devlin based upon her age in violation of the ADEA.

57. ABG's actions towards Devlin were arbitrary and capricious, and based on a discriminatory animus towards older employees at the workplace.

58. ABG's actions are per se unlawful and constitute age discrimination in violation of the ADEA.

WHEREFORE, Plaintiff Erika Devlin requests that this Court enter judgment in her favor and against Defendant ABG Operating, LLC, operating as American Bath Group, and that this Court enter a declaratory judgment that Defendant's actions complained of herein, violate and continue to violate the enactments of the federal legislature, award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses, which he has been denied, including back pay, front pay, pre-judgment interest, liquidated damages as defined by the Age Discrimination in Employment Act, reasonable attorneys' fees, expert witness fees, costs, and any other relief, which the court deems appropriate.

/S/ Andrew S. Abramson, Esq.
_____
Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742
email: asa@aemploylaw.com

Attorney for Plaintiff Erika Devlin

Dated: January 9, 2026